UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STEPHEN WHITESIDE,

              Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
           Defendant.

_____

**DECISION & ORDER**
15-CV-6574

## Preliminary Statement

Plaintiff Stephen Whiteside, Jr. (hereafter "plaintiff" or "Whiteside") brings this action pursuant to Title II and Title XVI of the Social Security Act seeking review of the final decision of the Commissioner of Social Security ("the Commissioner" or "defendant") denying his November 21, 2012 application for disability insurance benefits and supplemental security income benefits. See Complaint (Docket #1). Presently before the Court are competing motions for judgment on the pleadings. See Docket ## 10, 15. A hearing was held on October 28, 2016, and the Court considered the arguments of counsel. At the conclusion of the hearing, I informed counsel that I intended to remand this case for further proceedings, but would issue a brief Decision and Order confirming my reasons.

## Discussion

As I explained during the hearing, I found the ALJ's reasoning in rejecting the opinions of the plaintiff's treating

1

mental health providers to be particularly troublesome. It is well-settled in this Circuit that the opinion of a claimant's treating physician as to the nature and severity of the impairment is given "controlling weight," so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (citing 20 C.F.R. § 404.1527(d)(2)); see also Green-Younger, 335 F.3d 99, 106 (2d Cir. 2003); Shaw v. Chatter, 221 F.3d 126, 134 (2d Cir. 2000).

Just as important, the Commissioner is required to explain the weight it gives to the opinions of treating physicians. 20 C.F.R. § 404.1527(c)(2) ("[W]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."). This is true when the treating source's opinion is given controlling weight, but especially true if the opinion is not given controlling weight. See Burgess, 537 F.3d at 129. The ALJ must consider, inter alia, the "[l]ength of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular

2

medical issues." Id. (internal quotations omitted, citing 20
C.F.R. § 404.1527(d)(2)(i)-(ii), (3)-(5)). "After considering
the above factors, the ALJ must comprehensively set forth [her]
reasons for the weight assigned to a treating physician's
opinion." Greek v. Colvin, 802 F.3d 370, 375 (2d. Cir. 2015)
(quoting Burgess, 537 F.3d at 129) (internal quotation marks
omitted). The failure to provide "'good reasons' for not
crediting the opinion of a claimant's treating physician is a
ground for remand." Snell v. Apfel, 177 F.3d 128, 133 (2d Cir.
1999); see also Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir.
1998) ("Commissioner's failure to provide 'good reasons' for
apparently affording no weight to the opinion of plaintiff's
treating physician constituted legal error.").

Here, the ALJ found that plaintiff suffered from two severe
non-exertional impairments: major depression and post-traumatic
stress disorder. As specifically noted by the ALJ, plaintiff's
treating psychiatrist, Dr. Patil, opined that plaintiff "would
have marked restrictions in activities of daily living, extreme
difficulties in social functioning, extreme difficulties in
maintaining attention and concentration, and extreme episodes of
deterioration." Administrative Record ("AR"), (Docket # 9), at
19. It cannot be seriously disputed that, if credited, these
opinions of a treating psychiatrist would strongly suggest that
plaintiff's ability to engage in competitive employment is

3

severely compromised.    Thus,  the  importance  of  Dr.  Patil's
opinion is obvious.   Yet, the ALJ dismissed the opinions of the
treating  doctor  in  a  single  sentence:  "I  did  not  assign
significant  weight  to  this  opinion  because  it  is  inconsistent
with   the   stable   medical   status   examinations   during   the
medication  management  visits"  as  found  in  Exhibit  11F.   Id.
This cryptic reasoning meets neither the spirit nor the letter
of  the  treating  physician  rule.    The  ALJ  did  not  address  the
length,   nature,   or   frequency   of   plaintiff's   treatment
relationship with Dr. Patil or acknowledge the special expertise
a psychiatrist brings to an evaluation of psychiatric disorders.
Moreover,  the  lone  reason  the  ALJ  gave  for  rejecting  the
opinions of Dr. Patil was that they were inconsistent with the
findings and opinions set forth in "mental status examinations"
found  in  Exhibit  11F.    The  documents  the  ALJ  is  referring  to
were  mental  status  examination  reports  completed  in  large  part
by plaintiff's therapist Pamela Smith, LMSW - the same therapist
whose opinions were considered and rejected by the ALJ because
"Ms.  Smith  is  a  therapist  and  is  not  considered  an  accepted
medical source." AR at 19.

This inconsistent reasoning begs the question of how these
reports of mental status examinations can serve as "substantial
evidence  in  the  record"  sufficient  to  outweigh  the  otherwise
controlling weight of a treating psychiatrist if the ALJ views

4

them as unreliable because they are not opinions from acceptable medical sources. More problematic, the ALJ never explains why she assigned more weight to these "unacceptable medical sources" than she did to plaintiff's own treating physician. The ALJ's decision did include a footnote wherein she stated that because Dr. Patil's report required him to "fill in a blank or check off a box," it was entitled to "little weight in the adjudicative process." AR at 19. This reasoning is odd, at least to this Court, because in my experience the Commissioner often utilizes - and ALJs do not hesitate to rely on - medical source statements and opinion forms which require the medical or vocational expert to render their opinion by checking a box or filling in a blank in answering uniform questions as to the nature and severity of vocational or medical limitations.

Be that as it may, if the ALJ found the form of the treating physician opinion lacking for detail, it is incumbent on the ALJ to develop the record further. "[I]t is the ALJ's duty to develop the record and resolve any known ambiguities, and that duty is enhanced when the disability in question is a psychiatric impairment." Camilo v. Comm'r of the Soc. Sec. Admin., No. 11 CIV. 1345 (DAB) (MHD), 2013 WL 5692435, at *22 (S.D.N.Y. Oct. 2, 2013). This heightened duty in cases involving psychiatric impairments has been discussed in numerous cases in the Second Circuit and elsewhere. See Gabrielsen v.

Colvin, No. 12-CV-5694 (KMK) (PED), 2015 WL 4597548, at *4 (S.D.N.Y. July 30, 2015) (collecting cases). Failure to meet this duty requires remand to allow full development of an adequate record. Id. at *7.

Finally, a fair reading of the entire record reveals Ms. Smith's opinions and findings were far from "inconsistent" with Dr. Patil's opinions. Dr. Patil opined in his report that plaintiff would have marked restrictions in activities of daily living and extreme difficulties in social functioning and maintaining concentration, and extreme episodes of deterioration. Ms. Smith documented plaintiff's mental health during each of his 25 therapy sessions with her. Ms. Smith observed plaintiff as depressed, anxious, and/or angry, and sometimes euthymic. AR at 624, 622, 620, 618, 616, 614, 612. Ms. Smith also issued a medical source statement in which she determined, like Dr. Patil, that plaintiff would have marked restrictions in activities of daily living, and extreme difficulties in social functioning and maintaining attention, and extreme episodes of deterioration. AR at 656-58. Although plaintiff occasionally reported that he was "feeling better," Ms. Smith opined that plaintiff's risk assessment continued to be "[m]oderate with chronic risk factors present." AR at 606, 608, 612. The waxing and waning of mental health symptoms over periods of time is not uncommon and certainly does not

disqualify an individual from obtaining disability benefits. See, e.g., Corbeil v. Colvin, No. 12-CV-0114 MAT, 2015 WL 1735089, at *6 (W.D.N.Y. Apr. 16, 2015) (Telesca, J.) ("The fact that a plaintiff's condition may fluctuate over a period of time does not render opinions noting that fluctuation 'inconsistent.'").

For all these reasons, I find that the ALJ's decision is not supported by substantial evidence and remand is required. Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004) (per curiam) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physicians [sic] opinion and we will continue remanding when we encounter opinions from ALJ's [sic] that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion.").

## Conclusion

Plaintiff's motion for judgment on the pleadings is **granted** and defendant's motion for judgment on the pleadings is **denied.** The case is **remanded** to the Commissioner for further proceedings.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:     January 13, 2017
           Rochester, New York

7